UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVE EHLMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HOMELAND SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff files this Complaint against Defendants and states:

### NATURE OF THE ACTION

1.      This is an action seeking declaratory and injunctive relief under Freedom of Information Act ("FOIA"), 5 U.S.C Section 552.

### JURISDICTION AND VENUE

2.      The Court has subject-matter jurisdiction pursuant to 5 U.S.C. Section 552 because this action arises under the laws of the United States and further has jurisdiction to render declaratory relief under 5 U.S.C. Section 552(a)(4)(B)

3.      Venue is proper in this district pursuant to 5 U.S.C. Section 552(a)(4)(B) as this is the district in which the Plaintiff resides.

## FACTUAL ALLEGATIONS

4.      On January 6, 2011, Plaintiff, St. Charles County Executive Steve Ehlmann, made a FOIA request by and through the St. Charles County Counselors Office to the Federal Emergency Management Agency ("FEMA"), Region VIII.  Request attached as Exhibit #1.

5.      Plaintiff, in his letter referenced "Freedom of Information Request," requested documents described as "lists of severe repetitive-loss-properties or structures in St. Charles County" pursuant to "the Freedom of Information Act ("FOIA"), 5 U.S.C section 552, and the regulations on FOIA requests that the Federal Emergency Management Agency ("FEMA") has adopted, 44 C.F.R. Part 5."

6.      Plaintiff stated "The purpose of this request is not commercial, but rather to enable County Executive Steve Ehlmann to discuss publicly the history of severe repetitive loss claims in this County, including properties with especially costly claims histories and efforts to reduce those costs."

7.      On February 6, 2011 the Flood Insurance Mitigation Branch of FEMA Region VII responded to Plaintiff's FOIA request by e-mail, stating: "Per your request dated January 6, 2011 to the Federal Emergency Management Agency, please see the attached file which identifies Severe Repetitive Loss (SRL) information for St. Charles County, MO.  For reference, the initial tab in the spreadsheet displays a worksheet which reflects a summary of SRL properties.  Each subsequent tab identifies an address which reflects National Flood Insurance Program flood insurance history for that individual property.  Please note that this data falls under the Privacy act of 1974."  E-mail attached as Exhibit #2.

8.      FEMA's response included a "Privacy Act Data Cover Sheet" stating the "Documents enclosed are subject to the Privacy Act of 1974, Contents shall not be disclosed, discussed, or shared with individuals unless they have a direct need-to-know in the performance of their official duties."  Cover Sheet attached as Exhibit #3.

9.      On March 1, 2011, FEMA further responded to Plaintiff's FOIA request by letter stating: "This letter is sent as follow-up to our conversation on February 22, 2011 and; in response to your letter dated January 6, 2011 in which you requested that the Department of Homeland Security (DHS)/Federal Emergency Management Agency (FEMA) provide you with names, address, and cumulative totals of claims paid for repetitive-loss-properties or structure in St. Charles County.  Your request was made pursuant to the Routine Use K of the Privacy Act of 1974 ( U.S.C § 552a).  Letter attached as Exhibit #4."

10.     On March 30, 2011 Plaintiff, by and through the St. Charles County Counselor's Office advised FEMA by e-mail, "I believe that your formal response [of March 1, 2011] misunderstands and mis-characterizes my initial request for information of January 6.  That request was made under the Freedom of Information Act and was address to your FOIA officer. You responded to it as if it were a Privacy Act request for administrative use, which it was not." E-mail attached as Exhibit #5.

11.     On May 10, 201,1 FEMA responded to Plaintiff's e-mail of March 31, 2011, by e-mail stating: "I did receive a copy of your request for the information described in your FOIA request.  Your request was made pursuant to the 'Routine Use K' of the Privacy Act of 1974, 5 U.S.C §552(a)1.(a)2….On March 1, 2011, Ms. Monique Pilch of the Region's Flood Insurance and Mitigation Branch sent you the information per your request under the "routine use"

provision of the Privacy Act….With the information that I cited above I believe that a FOIA request fell under the 'routine' use and as such could be released by our program expert…. I believe that your request for the information has been fulfilled."  E-mail attached as Exhibit #6.

12.     On May 31, 2011, Plaintiff filed an appeal of FEMA's denial of his FOIA request with Headquarters FOIA Officer, Federal Emergency Management Agency as required pursuant to 44 Code of Federal Regulations section 5.55.  Request for Appeal attached as Exhibit #7.

13.     In his Appeal of May 31, 2011, Plaintiff requested: "[T]he FOIA Headquarters should order the release pursuant to the FOIA of the records already released on February 15, 2011, under a 'privacy cover sheet'….  In the alternative, the FOIA Headquarters Office should remand the matter of St. Charles County Executive Steve Ehlmann's request of January 6, 2011, to FEMA Region VII with instructions to release pursuant to the FOIA the records mentioned above pursuant to the FOIA, and - if those records are released with redaction or deletion - with instructions to explain and justify each redaction or deletion fully and in writing a required by 44 C.F.R. § 5.27."

14.     Plaintiff received a decision, referenced DHS FOIA APPEAL A-11-0033, on his Appeal dated January 17, 2012, from Administrative Law Judge John C. Johns, stating: "While you could have requested the information via the Privacy Act, you did not.  In your original request you stated you were requesting the information 'under the Freedom of Information Act.' Since you requested the information as FOIA request, FEMA needs to process your request exclusively as a FOIA request.  If FEMA determines that certain information needs to be redacted or withheld, FEMA needs to provide the relevant FOIA exemption."  Decision attached as Exhibit #8.

15.     This decision also orders "[T]he instant matter remanded to the Agency for further processing as a FOIA request.  Since the information requested has yet to be released to the public via an automatic disclosure provision, FEMA needs to provide the relevant 5 U.S.C § 552(b) exemption if they determine any the requested information needed to be redacted or withheld."

## CAUSE OF ACTION

### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### 5 U.S.C. § 552

16.     Plaintiff realleges, adopts, and incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

17.     FEMA has failed to release and improperly withheld the documents requested by Plaintiff on January 6, 2011, as ordered by Administrative Law Judge John C. Johns on January 17, 2012, in Plaintiff's Appeal pursuant to 44 C.FR. § 5.55 .

18.     FEMA has failed to release and improperly withheld the documents requested by Plaintiff on January 6, 2011, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C section 552, and the regulations on FOIA requests that FEMA has adopted, 44 C.F.R. Part 5 within 30 days of the request as required under 5 U.S.C. § 552(a)(6)(A)(i), 5 U.S.C. § 552(a)(6)(B) and 44 C.F.R. § 5.52,  44 C.F.R. § 5.56.

19.     FEMA has failed to provide reasons for denying Plaintiff's FOIA request as required under 5 U.S.C section 552(b), and the regulations on FOIA requests that the FEMA has adopted, 44 C.F.R. § 5.27. within thirty days of the request as required under 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(B) and 44 C.F.R. § 5.52 and 44 C.F.R. § 5.56.

WHEREFORE, Plaintiff respectfully requests that the Court:

   A.      Enjoin FEMA from withholding the documents requested by Plaintiff on January

6, 2012, pursuant to 5 U.S.C. § 552(a)(4)(B) ;

   B.      Order the production of documents requested by Plaintiff on January 6, 2011,

pursuant to 5 U.S.C. § 552(a)(4)(B) within 30 days as required by 5 U.S.C. § 552(a)(6)(A)(i) and

5 U.S.C. § 552(a)(6)(B) and 44 C.F.R. § 5.52 and 44 C.F.R. § 5.56;

   C.      Award Plaintiff reasonable attorney fees and other litigation cost reasonably

incurred pursuant to 5 U.S.C. § 552(a)(4)(E)(i); and

   D.      Award any other relief as the Court may deem just and proper.


                                  Respectfully submitted,

                                  OFFICE OF THE ST. CHARLES
                                  COUNTY COUNSELOR

                                  /s/Drew A. Heffner
                                  Drew A. Heffner
                                  Assistant County Counselor
                                  Federal Bar #54873MO
                                  dheffner@sccmo.org
                                  100 North Third Street, Suite 216
                                  Saint Charles, Missouri 63301
                                  [314] 949-7540
                                  [314] 949-7541 facsimile
                                  ATTORNEYS FOR PLAINTIFF
                                  STEVE EHLMANN