UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STEVE EHLMANN,                          )
                                        )
        Plaintiff,                      )
                                        )
    vs.                                 )        Case No.   4:12 CV 1392 RWS
                                        )
UNITED STATES DEPARTMENT                )
OF HOMELAND SECURITY,                   )
                                        )
        Defendant.                      )

**MEMORANDUM AND ORDER**

Plaintiff Steve Ehlmann is the County Executive of St. Charles County, Missouri.  He

made a request to Defendant Federal Emergency Management Agency (FEMA)[1] seeking flood

claim information, under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), about "severe

repetitive-loss properties or structures in St. Charles County."  The information was produced

except for the names and addresses of the properties.  This information was withheld by FEMA

pursuant to a FOIA exemption to disclosure.  FEMA and Ehlmann have filed cross-motions for

summary judgment.  Because the information was covered by an exception to disclosure, I will

grant FEMA's motion for summary judgment.

*Background*

On January 6, 2011, Harold Ellis, an Associate St. Charles County Counselor sent a letter

---

[1] FEMA is an agency of Defendant United States Department of Homeland Security.
Although the Department of Homeland Security is the properly named defendant I shall refer to
FEMA as the defendant in this order because its action is at issue in this case.

to FEMA, on behalf of Ehlmann,[2] seeking

> copies of FEMA's lists of severe repetitive-loss properties or structures in St.
> Charles County - including owners, addresses and cumulative totals of claims paid
> for each property or structure - that FEMA has developed or maintained under in
> administering its National Flood Insurance Program ("NFIP") since NFIP's
> inception in this County.

[Doc. # 16, Def.'s Memo. in Support, Ex. A]  The letter states that the purpose of the request is

to enable Ehlmann to "discuss publically the history of severe repetitive loss claims in this

County, including properties with especially costly claims histories and efforts to reduce those

costs."

FEMA initially processed the request under the Privacy Act of 1974, 5 U.S.C. § 552(a).

On March 15, 2011, FEMA sent Ellis a spreadsheet which identified Severe Repetitive Loss

(SRL) information for St. Charles County, Missouri, and provided a summary of SRL properties,

as well as information regarding the address reflecting the NFIP flood insurance history for each

property.  However, because this information was released under Routine Use K of the Privacy

Act, the information could not be made public.[3]

Because Ehlmann wants to be able to publicly identify the owner's name and address of

_____

[2] As an alternative basis for summary judgment, FEMA asserts that Ehlmann lacks
standing to assert this claim because Ellis made the FOIA request and was the person
communicating with FEMA in seeking fulfillment of that request.  However, Ellis' letter is
clearly sent on St. Charles County Government letterhead stationary indicating that Ellis is an
Associate County Counselor and specifically states that Ellis is acting on "behalf of St. Charles
County Executive Steve Ehlmann."  Based on this undisputed evidence, I find that Ellis was
acting as Ehlmann's agent and that Ehlmann has standing to bring this lawsuit.

[3] The request was processed under the Privacy Act because it was made by a local
government official in his official capacity and allowed the maximum amount of information to
be disclosed.  (77 Fed. Reg. 77,747 (December 19, 2008) allows for the release of NFIP
information to state and local government only to ascertain the degree of financial burden the
state and local governments expect to assume in a flooding disaster.)

the SRL properties in St. Charles County, he clarified his request with FEMA.  On March 30,

2011, Ellis contacted FEMA asking that the request be processed as a FOIA request.  Information

produced under FOIA would not contain the disclosure restraints imposed by the Privacy Act.

After a period of some bureaucratic wranglings and miscues FEMA began the process of

gathering the requested information and reviewing the information to ensure proper disclosure.

While FEMA was still in the process of gathering and reviewing the information, Ehlmann filed

the present lawsuit on August 6, 2012, seeking an order directing FEMA to release the SRL

information.  Shortly thereafter, on September 20, 2012, FEMA issued an interim response

providing Ehlmann with 45 pages of information.  On October 24, 2012, FEMA issued a final

FOIA response and produced some additional responsive documents.  FEMA had redacted the

names of the property owners, insureds and claimants, certain address information, and other

property identification information pursuant to FOIA Exemption 6.

On December 13, 2012, Ehlmann filed an amended complaint seeking the disclosure of

the redacted information.  Both parties have moved for summary judgment in support of their

respective positions.

### *Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to

the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law.  Lynn v. Deaconess Medical Center,

160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)).  The party seeking summary

judgment bears the initial responsibility of informing the court of the basis of its motion and

identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and

admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof.  Id. at 324.  In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

### *Discussion*

It is undisputed that FEMA has released to Ehlmann all of the non-exempt records which are responsive to Ehlmann's FOIA request.  The sole issue to be resolved is whether FEMA validly exercised its redaction of the ownership and address information of the SRL properties.

A government agency bears the burden of proof to show that it conducted a search reasonably calculated to uncover all relevant documents, produced the documents, or that it properly withheld documents or information under a FOIA exemption.  Miller v. U.S. Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985).  This burden of proof may be established though "affidavits of responsible agency officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith."  Id.

FEMA has submitted affidavits which establish that the requested documents were produced and the basis for the agency's redaction of some information under FOIA Exemption 6. That section of FOIA exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  Exemption 6 is not limited to "a narrow class of files containing only a

discrete kind of personal information.  Rather, the exemption was intended to cover detailed

Government records on an individual which can be identified as applying to that individual.

When disclosure of information which applies to a particular individual is sought from

Government records, courts must determine whether release of the information would constitute

a clearly unwarranted invasion of that person's privacy." U. S. Dept. of State v. Washington Post

Co., 456 U.S. 595, 602 (1982)(internal quotations and citations omitted).  The privacy interest

involved in the exemptions to disclosure belongs to the individual, not to the agency holding the

information sought in a FOIA request.  U.S. Dept. of Justice v. Reporters Committee For

Freedom of Press, 489 U.S. 749, 764 (1989).  That privacy interest encompasses not only an

individual's name but it also includes their home address.  U.S. Dept. of Defense v. Federal

Labor Relations Authority, 510 U.S. 487, 500 (1994).  To determine whether information has

been properly withheld under a FOIA exemption, a court must balance the public interest in favor

of disclosure against the privacy interest Congress intended for the exemption to protect.  Id. at

495.  "If there is an important public interest in the disclosure of information and the invasion of

privacy is not substantial, the private interest in protecting the disclosure must yield to the

superior public interest." Alirez v. NLRB, 676 F.2d 423, 426 (10th Cir. 1982).  If, however, the

public interest in the information is "virtually nonexistent" or "negligible," then even a "very

slight privacy interest would suffice to outweigh the relevant public interest." FLRA, 510 U.S. at

497.

    The public interest to be weighed in the balancing test is the extent that the disclosure

would serve the core purpose of FOIA, which is "contributing significantly to public

understanding of *the operations or activities of the government*." Id. at 495.  The purpose of the

request is not relevant because Congress intended FOIA to give any member of the public, as well as special interests, the right to seek disclosure. Id. at 496. Rather, the relevant inquiry is whether the information sought will let citizens know "what their government is up to." Reporters Committee For Freedom of Press, 489 U.S. at 773.

FEMA asserts that it considers identifying information relating to NFIP policy holders to be exempt from disclosure because the privacy interest of the policy holders outweighs the public need for this information. "FEMA vigilantly safeguards information concerning disaster survivors to protect them from further trauma by way of any breach of their personal information, which could lead to identity theft or harassment." [Doc. # 16, Def.'s Memo. in Suppt., Aff. of Booker-Kasper ¶ 8]

The owners' names and addresses of NIFP insured structures fall within the protected privacy interest of Exemption 6. Forest Guardians v. U.S. Federal Emergency Management Agency, 410 F.3d 1214, 1218 (10th Cir. 2005). In Forest Guardians, the United States Court of Appeals for the Tenth Circuit found a request to obtain the geographic point locations for NFIP insured structures was properly denied by FEMA under Exemption 6 because that information, coupled with property records, could lead to the names and addresses of individual property owners. Id. The court noted that the plaintiff had received information from FEMA about the general location of structures covered by the NFIP. FEMA provided general information regarding which communities have a flood hazard, the general location of structures relative to the flood plains, and whether insured structures were constructed before or after a community participated in the NFIP. Id. at 1219. The court found that revealing the information that was withheld by FEMA would lead to the unwarranted disclosure of the names and addresses of the

NIFP insureds.  Id. at 1218.  This specific information was properly withheld because revealing the names and addresses of the NIFP insureds would not provide any more information about what the government was up to.  Id. at 1219.

The inquiry in the present case is whether the public interest in favor of disclosure of the names and addresses of the NIFP insureds in St. Charles County outweighs the privacy interests of those insureds.  Ehlmann seeks the owners names and addresses of individual properties to enable Ehlmann "to discuss publically the history of severe repetitive loss claims in this County, including properties with especially costly claims histories and efforts to reduce those costs." [Amend. Compl. ¶ 6]   Ehlamnn asserts that he is trying to create a public dialogue about whether FEMA is being a reasonable steward of tax dollars by publically addressing the claims history of specific St. Charles County properties insured under the NFIP.

In support of his position, Ehlmann cites to a decision in which the United States Court of Appeals for the Eleventh Circuit decided that the addresses of the NFIP insured structures were not exempt from disclosure under FOIA Exemption 6.  News-Press v. U.S. Dept. of Homeland Security, 489 F.3d 1173, 1179 (11th Cir. 2007)(although the count held that the names of the insureds were properly withheld under Exemption 6).  The ruling involved FEMA's response after four hurricanes struck the Florida coast in a six-week period in 2004.  FEMA received over 33,000 claims from residents under the NFIP.  There were many reports of fraudulent claims and FEMA's mismanagement of claims after the unprecedented damage caused by these storms.  The district court found that the privacy interest of withholding the addresses of NFIP insured structures was outweighed by the public interest in FEMA's handling of disaster assistance in Florida in the wake of the recent hurricanes.  Id. at 1186.  The Eleventh Circuit noted that the

challenge to FEMA's withholding of the "NFIP addresses have received comparatively little attention form the parties." Id. at 1206.  Based upon the sparse record before the court and FEMA's failure to "explain why being identified as someone who purchased federal flood insurance would constitute an invasion of privacy," the court found that "FEMA has failed to meet its burden and must disclose the NFIP addresses. Id.

FEMA counters that the disclosure of specific name and address information is not warranted.  It asserts that the documents it provided to Ehlmann in the October 24, 2012 Final Release, gave Ehlmann the information he needs including, the specific dollar amount of payments made to each property and the property value on a specific date of loss for each property listed.  This information enables Ehlmann to discuss publically the actual payments made under the NFIP and the property values of NFIP insured properties in St. Charles County.

The facts of this case are more analogous to the facts in Tenth Circuit's Forest Guardians case than they are to the Eleventh Circuit's News-Press case.  The information provided to Ehlmann by FEMA allows the public to see what FEMA is doing in implementing the NFIP in St. Charles County.  The disclosure of the owners' names and addresses of the specific properties addressed in FEMA's disclosure documents will not serve any substantial public interest or shed additional light on FEMA's management of the NFIP in St. Charles County.  The disclosure of the names and addresses would be an unwarranted invasion of the insureds' privacy.  As noted in the Forest Guardians case, revealing the addresses of the properties would, through a quick review of property records, disclose the names of the owners of the properties.  The courts in Forest Guardians and in News-Press both agreed that disclosure of the insureds' names would be unwarranted.  As a result, I find that FEMA validly withheld disclosure of the information at

-8-

issue under FOIA Exemption 6.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant United States Department of Homeland

Security's motion for summary judgment [#15] is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff Steve Ehlmann's cross-motion for

summary judgment [# 20] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of July, 2013.